UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:05-CV-2249 CAS |
| v. ) | |
| ) | |
| SBC, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF DISMISSAL**

This matter is before the Court on a Memorandum for Clerk filed by pro se plaintiff Brenda Adams on July 13, 2006. The Memorandum states in its entirety, "I, Brenda J. Adams am dropping my law suit against SBC, due to inability to find affordable legal counsel." Defendant AT&T Services, Inc., sued as SBC, responds that it does not object to the Court allowing plaintiff to dismiss her lawsuit.

On June 30, 2006, plaintiff and defendant's counsel appeared before the Court at its discovery motion docket, on a motion to compel filed by defendant. The Court heard argument on the motion and ordered plaintiff to "fully and completely respond to each interrogatory and each request for production of documents" previously submitted to her by defendant, "including but not limited to executing an Employment Records Release, a Social Security Authorization, and a Medical Authorization and Release." See Order of June 30, 2006 [Doc. 26]. Thirteen days later, plaintiff filed the instant Memorandum for Clerk which states that she wishes to drop this action.

The Court interprets plaintiff's Memorandum for Clerk as a motion to dismiss this action without prejudice under Rule 41(a)(2), Federal Rules of Civil Procedure. Such motions are addressed to the sound discretion of the district court, Herring v. City of Whitehall, 804 F.2d 464, 466 (8th Cir.

1986), which may attach "such terms and conditions" to the granting of a motion for voluntary dismissal as the Court "deems proper." See Rule 41(a)(2).

Under the circumstances of this case, the Court finds it appropriate to grant plaintiff's motion to dismiss without prejudice, with conditions. Upon the refiling of this action, plaintiff shall provide to defendant's counsel the documents and discovery matters ordered to be produced by the Order of June 30, 2006, within thirty (30) days of defendant's filing of an answer or other responsive pleading. If plaintiff fails to comply fully and timely with this condition, the Court may dismiss the refiled action with prejudice for failure to comply with the orders of the Court. See Rule 41(b), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Memorandum for Clerk, construed as a motion to dismiss this action without prejudice, is **GRANTED** with conditions. [Doc. 30]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that upon the refiling of this action, plaintiff shall provide to defendant's counsel all of the documents and discovery matters ordered to be produced by the Order of June 30, 2006, within thirty (30) days of defendant's filing of an initial responsive pleading. If plaintiff fails to comply fully and timely with this condition of refiling, the Court may dismiss the refiled action with prejudice for failure to comply with the orders of the Court. See Rule 41(b), Fed. R. Civ. P.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of July, 2006.